```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CIV-20429-MORENO
                              MAGISTRATE JUDGE P. A. WHITE
```

JOSHUA NEEL HARDIN,

    Plaintiff,

vs.                                                **PRELIMINARY REPORT**
                                                   **OF MAGISTRATE JUDGE**

JONATHON FAN FAN et al.,

    Defendants.
_____/


## I. Introduction

The plaintiff, Joshua Neel Hardin, while confined at the Dade Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE# 1).

He previously filed a motion to proceed *in forma pauperis* (DE# 4), which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt. (DE# 5). Because plaintiff is a prisoner seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Discussion

### A. Standard of Review

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff has sought and been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

2

monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

plausible or whether it is more likely that no misconduct occurred.[1]

### B. Facts Set Forth in the Complaint

The plaintiff names the following defendants, Johnathan Fan Fan, Patrick Patterson, and Travis Donaldson, all correctional officers at Dade Correctional Institution. (DE# 1:1).

Plaintiff alleges that on June 15, 2015, Officer Fan Fan and Officer Patterson were transferring him in a wheel chair to the medical wing. Patterson pinned the plaintiff's legs to the footrests on the wheel chair while Fan Fan attempted to strangle the plaintiff. Officer Fan Fan also slammed the plaintiff's head into the handle bars of the wheel chair. Officer Donaldson investigated and filed paperwork with conflicting statements and refused to interview eye witnesses. He sustained physical injuries and experienced mental distress. (DE# 1:1).

Plaintiff seeks monetary damages for the physical injuries he sustained and mental anguish he experienced. He also asks the court to direct the Florida Department of Corrections to replace the 56 days of gain time revoked due to a disciplinary action against him. (DE# 1:1-2).

### C. Analysis

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5

910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

*Excessive Use of Force*

Claims of excessive force by prison officials fall under the Eighth Amendment's proscription against cruel and unusual punishment. The standard applied to Eighth Amendment claims has a subjective and an objective component. As to the objective component, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010) (*citing* Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Hudson, 503 at 9 (*quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson,

503 U.S. at 10 (citation omitted). Accordingly, the Eleventh Circuit requires that the Plaintiff suffer more than a *de minimis* injury to establish an Eighth Amendment violation, although courts must remain mindful that significant injury is not required. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Under the subjective component, to sustain an Eighth Amendment challenge it must be shown that prison officials' actions amounted to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). "Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002)(*quoting* Whitley, 475 U.S. at 320–21). In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including these five: "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response." Hudson, 503 U.S. at 7–8; see also Whitley, 475 U.S. at 321; Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999).

If an officer, whether supervisory or not, fails or refuses to take reasonable steps to protect the victim of another officer's use of excessive force, the officer may be held liable for the other officer's malfeasance under §1983. See Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008)(*citing* Velazquez v. City of Hialeah, 484 F.3d 1340, 1341 (11th Cir. 2007)). The non-intervening officer must, however, have been in a position to intervene yet failed to do so. See id. at 1331 (citation omitted).

7

Plaintiff's allegations that Officers Fan Fan and Patterson pinned him down, struck his head, and tried to strangle him state a claim of excessive force at this preliminary stage.

*Failure to Investigate*

"The failure to investigate or take disciplinary action following the subject incident cannot support a claim of municipal liability, because the after-the-fact inadequate investigation or discipline could not have been the legal cause of the plaintiff's injury." Shehada v. Tavss, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013) See, e.g., Mettler v. Whitledge, 165 F.3d 1197, 1205 (8th Cir.1999) ("[A]n inadequate investigation into the January 22 shooting could not have caused Deputies Haltiner and Whitledge to use excessive force. Rather, Ms. Mettler would need to show that Ramsey County had failed to investigate previous incidents before a court could conclude the deputies at the time of the shooting believed a municipal custom allowed them to violate Shawn's rights with impunity."); Bolander v. Taser Int'l, Inc., No. 07–cv-80789, 2009 WL 2004379, at *16 (S.D.Fla. Jul. 9, 2009) ("Even if the City conducted no investigation after the incident, Plaintiffs could not show that the failure to investigate caused the use of excessive force. A different result would simply result in respondeat superior liability.").

In light of the foregoing, the claim against Officer Donaldson that he conducted an insufficient investigation of the excessive force incident is not a valid claim and should be dismissed.

*Individual/Official Capacity*

8

To the extent the plaintiff sues the defendants in their official capacity, his claims fail. To name the defendants in their official capacity is tantamount to naming the state. If a plaintiff sues a municipality, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 783, 791 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). The plaintiff has not alleged a generalized unconstitutional policy of the Florida Department of Corrections, which runs the Dade Correctional Institution. In the claims deemed valid above, the plaintiff can proceed against the defendants in their individual capacity.

### III. Conclusion

Based on the foregoing, it is recommended that (1) the claims against Defendants Fan Fan and Patterson, in their individual capacity, proceed, (2) the claim against Defendant Donaldson be dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim.

Dismissal with leave to amend the failure to investigate claim would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D. Fla. June 1, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in *Johnson* in that any amended complaint would be frivolous). See

9

generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(*citing*, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Joshua Neel Hardin, Pro Se
    DC# N28219
    Dade Correctional Institution
    Inmate Mail/Parcels
    19000 SW 377th Street
    Florida City, FL 33034